IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Thomas M. Fair, Jr., # 75721, ) | |
| ) | |
| ) | Civil Action No. 6:14-4882-RMG-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Brian P. Stirling, Director of the South ) | |
| Carolina Department of Corrections; ) | |
| Michael McCall, Division Director of ) | |
| Operations at the South Carolina ) | |
| Department of Corrections; ) | |
| Dennis Bush; ) | |
| James Sligh; ) | |
| PREA Committee Members; ) | |
| R. Hilton; ) | |
| Willie Davis; ) | |
| Thomas Commander; ) | |
| Steven Nolan, individually and in ) | |
| his/her official capacities, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In the above-captioned case, the plaintiff, who is proceeding *pro se*, has brought suit against various SCDC officials with respect to the plaintiff's continued placement in the security detention ("SD") unit at the Lee Correctional Institution. The plaintiff has also named the Prison Rape Elimination Act ("PREA") Committee as a defendant.

The plaintiff had been in SD status since January 9, 2008 (doc. 1-5 at 1). The complaint and the plaintiff's numerous exhibits reveal that the plaintiff appeared before the Institutional Classification Committee ("ICC") on March 29, 2013. As a result of the hearing, the plaintiff was released from administrative segregation and placed in Level 3 Medium

Custody in the general population (doc. 1 at 7; doc. 1-1 at 3). SCDC Policy OP 21.21, however, required that the recommendation for a transfer out of PREA-SD custody be forwarded to the PREA Committee (doc. 1-1 at 3), but for reasons not disclosed in the complaint and exhibits, this was not done with respect to the plaintiff's transfer to Level 3 Medium Custody. It was subsequently discovered that this procedure was not followed (*id.*). The ICC met on November 20, 2013, and returned the plaintiff to PREA-SD status because only the PREA Committee has the authority (with the subsequent approval of the Director of Operations) to remove the plaintiff from PREA-SD status (*id.*). The Warden's decision on the plaintiff's Step 1 grievance (No. 2614-13) acknowledges that an error was made with respect to the plaintiff's transfer to Level 3 Medium Custody status: "This error was not done intentionally, but when the error was noted noted [*sic*], appropriate action was taken to make the necessary corrections." (*id.*). The decision on the plaintiff's Step 2 appeal elaborates on this matter:

> Your concerns have been reviewed. On 3/29/13, the Lee CI SMU ICC did approve for you to be release [sic] to general population after your completion of the sexual predator program. However, the SMU ICC did not have the authority to release you from SD since your SD placement was due to your PREA status. Upon discovery of this error, you were reviewed again and placed back on SD status. Until your PREA status is changed by the PREA Committee, you will remain on SD status.

(Doc. 1-1 at 4).

In the complaint, the plaintiff contends that he has been subjected to "unequal protection, discrimination based on discipline, . . . the lack of procedural due process" and violations of the Due Process and Equal Protection Clauses (doc. 1 at 14). In his prayer for relief, the plaintiff seeks a declaratory judgment, a preliminary and permanent injunction, compensatory damages of $15,000 from each defendant, punitive damages of $30,000 from

2

each defendant, a jury trial, court costs, and any other relief deemed to be just, proper, and equitable (*id.* at 14–16).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff's placement or classification in PREA-SD is not actionable. The act of placing a detainee or prisoner in administrative segregation or higher custody is not punitive *per se* because it is rationally connected to legitimate governmental objectives. Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—to protect an inmate's safety, to protect other inmates from a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. *Merriweather*, 586 F. Supp. 2d at 557–58; *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); *cf. Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (South Carolina law confers no protected liberty interest upon inmates of the SCDC from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison).

Moreover, the initial mistake of removing the plaintiff from PREA-SD status does not state a constitutional violation because negligence is not actionable under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 (1986); and *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989).

The PREA), 42 U.S.C. § 15601, does not create a right of action by the plaintiff. *See Byrd v. South Carolina Dep't of Corr.*, Civil Action No. 5:11-3340-MGL, 2013 WL 5309759, at *11 (D.S.C. Sept. 19, 2013) ("Because § 1983 itself does [not] create any rights, and the text and structure of the PREA provide no indication that Congress intended to create new individual rights, there is no basis for a private right of action for inmates to sue prison officials for noncompliance with the Act.")(footnote and citations omitted).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

January 5, 2015                                             s/Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).