# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Thomas M. Fair, Jr., # 75721, ) | |
| ) | No. 6:14-cv-4882-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Brian P. Stirling, Director of the ) | |
| South Carolina Department of ) | |
| Corrections, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 12), recommending that this Court summarily dismiss this action without prejudice and without service of process because this action is based upon a challenge to Plaintiff's placement or classification in security detention under the Prison Rape Elimination Act (known as PREA-SD), which is not actionable. (Dkt. No. 12). Plaintiff has filed objections to the R & R, continuing to argue that his placement in PREA-SD is not proper under prison policies, but he fails to address the essential legal issue that his classification or placement in PREA-SD is not actionable in federal court. (Dkt. No. 14).

## **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions

-2-

of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

## Discussion

The Court has carefully reviewed the pleadings, the R & R, and the Plaintiff's objections and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Plaintiff's claims are based upon his allegations that officials violated the PREA and SCDC policy. However, PREA does not grant prisoners specific rights and cannot be the basis of a Section 1983 claim. *De'lonta v. Clarke*, No. 7:11–cv–00483, 2013 WL 209489 at *3 (W.D. Va. Jan. 14, 2013). It is also well-settled that a violation of prison policy does not, in and of itself, amount to a constitutional violation or provide prisoners with a liberty interest in a particular classification or whether or not they are placed in administrative segregation . *See, e.g., Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C.1992).

## Conclusion

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 12) as the order of this Court. Accordingly, this action is dismissed without prejudice and without service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

February 4, 2015
Charleston, South Carolina